Brassard, J.
In 1989, the Commissioner of Revenue (“Commissioner”) made jeopardy assessments against the plaintiffs and filed corresponding liens and levies against their property. The Commissioner asserts that his claims grow out of the failure of the plaintiffs to file tax returns with respect to gaming income. The principal, if not exclusive, evidence against the plaintiffs are documents seized pursuant to a search which the plaintiffs maintain was unlawful.
The plaintiffs appealed the denial of their abatement applications to the Appellate Tax Board (the “Board”). The Board granted, in June, 1992, the plaintiffs’ motion to exclude evidence, and in May 1993 granted the plaintiffs full abatements. The Commissioner requested a written report from the Board as to its decisions so that the Commissioner may appeal to the Appeals Court the decisions of the Board with respect to the exclusion of the seized evidence. The Board has not yet submitted its decisions.
In this action, the plaintiffs seek a declaratory judgment to the effect that various of their constitutional rights are abridged by the Massachusetts jeopardy assessment statute. The Commissioner argues, persuasively, that these issues are moot because the plaintiffs have been afforded relief by the Board.
The real complaint of the plaintiffs is that their matter has not been finally resolved because the Board has not yet issued its written reports. Until that step is accomplished, the parties cannot obtain an appellate court decision as to the critical legal issue on which they are sharply divided: whether the illegally seized evidence may form the basis for the jeopardy *234 assessments. That issue must be decided by the appellate courts, and this court should not interject itself at this stage. When the Board renders its written decision, the parties can make their legal arguments to the appellate courts.
This court urges both parties to invite, jointly, the attention of the Board to the long delay in this case.